IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MICHAEL JONES, # 259166,                                       ) | Civil Action No. 3:03-1304-TLW-JRM |
|                                    ) | |
| Plaintiff,                          ) | |
|                                    ) | |
| vs.                                 ) | |
|                                    ) | |
| SOUTH CAROLINA DEPARTMENT OF        ) | |
| CORRECTIONS;                        ) | |
| GARY MAYNARD, SCDC PROGRAM          ) | |
| DIRECTOR;                           ) | |
| CALVIN ANTHONY, WARDEN, LEE         ) | |
| CORRECTIONAL INSTITUTION;           ) | |
| FNU BROOKS, MAJOR, LEE CORRECTIONAL ) | |
| INSTITUTION;                        ) | |
| JANICE PHILLIPS, OFFICE OF GENERAL  ) | |
| COUNSEL;                            ) | |
| FNU YATES, LEE CORRECTIONAL         ) | |
| BEHAVIORAL MEDICINE;                ) | |
| WILLIE EAGLETON, WARDEN, EVANS      ) | |
| CORRECTIONAL INSTITUTION; AND       ) | |
| MICHELE FOX, EVANS CORRECTIONAL     ) | |
| INSTITUTION,                        ) | **REPORT AND RECOMMENDATION** |
| Defendants.                         ) | |
|                                    ) | |

Plaintiff filed this action on April 23, 2003.[1] On May 5, 2004, he filed an amended complaint. His allegations concern incidents that occurred while he was an inmate at the Evans Correctional Institution ("ECI") and the Lee Correctional Institution ("LCI") of the South Carolina Department of Corrections ("SCDC"). Defendants filed a motion for summary judgment on October 21, 2004. Plaintiff, because he is proceeding pro se, was advised on October 25, 2004, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because these are dispositive motions, this report and recommendation is entered for review by the court.

Defendant's motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed a memorandum in opposition to summary judgment on November 4, 2004.

DISCUSSION

Defendants argue that they are entitled to summary judgment because: (1) Plaintiff fails to show that Defendants were deliberately indifferent to any of his serious medical or mental health needs; (2) Defendant Brooks has no liability to Plaintiff concerning his property complaint; (3) Plaintiff fails to show that his constitutional rights were violated concerning any right to file grievances; (4) Plaintiff fails to show that Defendants were deliberately indifferent to any known risk of harm to Plaintiff's safety; (5) Defendant Maynard cannot be held liable on a theory of respondeat superior;[2] (6) Defendants are entitled to Eleventh Amendment immunity from monetary damages; (7) Defendants are entitled to qualified immunity; and (8) any state claims should be dismissed.

1.     Medical Claims

Plaintiff alleges that he was denied mental health treatment and counseling when he "clearly showed signs that required mental evaluation." Amended Complaint at 3. Defendants

---

[2]The doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-43 (4th Cir. 1982). Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985).

argue that Plaintiff fails to show that they were deliberately indifferent to any of Plaintiff's medical or mental health needs.

In the case of Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," Id., quoting Gregg v. Georgia, 428 U.S. 153, 169-73 (1976). The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.
>
> * * * * * * *
>
> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," Gregg v. Georgia, supra, at 182-83, 96 S.Ct. at 2925 (joint opinion), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle, 429 U.S. at 103-105. (Footnotes omitted).

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or

3

>omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 107.

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citations omitted). . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851.

The Supreme Court defined "deliberate indifference" in the Eighth Amendment context in Farmer v. Brennan, 511 U.S. 825 (1994). The court held:

>[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concern when it imposes tort liability on a purely objective basis. [Citations omitted]. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38.

Unless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not

4

prevail. Estelle, supra; Farmer v. Brennan, supra; Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Plaintiff fails to show that Defendants were deliberately indifferent to any of his serious medical needs. Review of his medical records reveals that in August 31, 2001, Plaintiff displayed suicidal tendencies after he was informed that his mother had died. Defendant Yates placed Plaintiff on crisis intervention status. On September 4, 2001, Yates noted that Plaintiff was talkative, cooperative, his affect/mood was within normal limits, and he denied suicidal ideation. On June 2002, while at LCI, it was noted that Plaintiff was experiencing some situational frustrations, but no psychosis was reported and no follow up appeared necessary. At his initial evaluation after Plaintiff was transferred to ECI, medical personnel noted that Plaintiff reported no depression or anxiety, his thoughts were logical and organized, there was no psychosis, no acute emotional or psychological distress was apparent, and no further mental health services were deemed necessary. On May 28, 2003, medical personnel noted that Plaintiff's thoughts were organized and well-presented; he denied any psychosis, depression, or anxiety; and he was in no acute psychological distress. On later occasions (August 18, September 10, and November 19, 2003, and April 26, 2004) no acute psychological distress was noted. Exhibit 1 (Plaintiff's SCDC Medical Records) to Defendants' Motion for Summary Judgment.

Plaintiff appears to disagree with the type and amount of medical treatment he received. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). The provision of medical care by prison officials is not discretionary, but the type and amount of medical care is discretionary. See Brown v.

5

Thompson, 868 F. Supp. 326 (S.D.Ga. 1994).  A disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation.  See Smart v. Villar, 547 F.2d 112 (10th Cir. 1976); Lamb v. Maschner, 633 F. Supp. 351, 353 (D.Kan. 1986).  Although Plaintiff believes that he should have received different medical treatment, he fails to show that Defendants' actions or inactions rose to the level of a constitutional violation.

Additionally, incorrect medical treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983.  Estelle v. Gamble, 429 U.S. at 106.  Negligence, in general, is not actionable under 42 U.S.C. § 1983.  See Daniels v. Williams, 474 U.S. 327, 328-36 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995)(applying Daniels v. Williams and Ruefly v. Landon: "The district court properly held that Daniels bars an action under § 1983 for negligent conduct.").  Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law.  DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189, 200-03 (1989).  Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983.  Estelle v. Gamble, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

2.    Conditions of Confinement

Plaintiff alleges he was forced to sleep on a concrete slab for "30 odd days."  Amended Complaint at 3.  The Eighth Amendment provides protection with respect to "the treatment a prisoner receives in prison and the conditions under which he is confined."  Helling v. McKinney, 509 U.S. 25, 31 (1993).  However, the constitutional prohibition against the infliction of cruel and unusual punishment "does not mandate comfortable prisons, and only those

6

deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991). Eighth Amendment protection from cruel and unusual living conditions has both objective and subjective components. First, deprivations must be objectively serious in the sense that they violate contemporary notions of decency. Rhodes v. Chapman, 452 U.S. 337 (1981). Second, the plaintiff must show that subjectively the prison officials acted with a sufficiently culpable state of mind. Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.), cert. denied, 510 U.S. 949 (1993). The Supreme Court has held that prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825 (1994). A plaintiff must produce evidence of serious or significant physical or emotional injury resulting from the challenged conditions to withstand summary judgment on a prison living conditions claim. Strickler, 989 F.2d at 1380-81.

Here, Plaintiff fails to show any injury resulting from his placement in a stripped cell. Further, allegations that defendants have not followed their own policies or procedures, standing alone, do not amount to constitutional violations. See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

     3.     Property Claims

Plaintiff alleges that Major Brooks was responsible for his being "robbed" of all his personal property while he was at LCI in June 2001. Defendant Brooks argues that he had no liability to Plaintiff concerning his property complaint.

Negligent deprivations of personal property, do not support an action for damages under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 328-36 & n. 3 (1986). Negligence, in general, is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327 (1986); Ruefly v. Landon, 825 F.2d 792, 798-94 (4th Cir. 1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995). Furthermore, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago Dep't. of Social Services, 489 U.S. 189, 200-203 (1989).

The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property--even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state.[3] Yates v. Jamison, 782 F.2d 1182, 1183-84 (4th Cir. 1986). Yates has been partially superannuated for cases where plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty." See Plumer v. Maryland, 915 F.2d 927, 929-32 & nn. 2-5 (4th Cir. 1990) and Zinermon v. Burch, 494 U.S. 113 (1990). Nevertheless, the holding in Yates is still binding on lower federal courts in the Fourth Judicial Circuit in cases involving deprivations of personal property.

---

[3]Plaintiff has not alleged that these materials were taken pursuant to an established SCDC policy.

Under South Carolina law, Plaintiff's claims may be cognizable under the South Carolina Tort Claims Act, § 15-78-10 et seq., S. C. Code Ann. Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. Under the South Carolina Tort Claims Act, a claimant is required to file an administrative claim with the agency, department, or the State Budget and Control Board before seeking judicial relief in a Court of Common Pleas. See S.C. Code Ann. § 15-78-80. South Carolina case law indicates that claimants under the South Carolina Tort Claims Act must strictly comply with its requirements and must timely pursue their claims before the applicable limitations period expires. See, e.g., Murphy v. Richland Memorial Hosp., 455 S.E.2d 688 (S.C. 1995); and Pollard v. County of Florence, 444 S.E.2d 534 (S.C.Ct. App. 1994).

Cases from other circuits point out that the availability of a state cause of action for an alleged loss of property provides adequate procedural due process. In other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated. See King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986); Slaughter v. Anderson, 673 F. Supp. 929, 930 (N.D.Ill. 1987). Plaintiff has an available judicial remedy for the missing property: the South Carolina Tort Claims Act, supra.

4.     Grievances

Plaintiff alleges that some of his SCDC grievances were not processed. Defendants argue that this fails to rise to the level of a constitutional violation.

Plaintiff fails to show his constitutional rights were violated concerning the grievance process. The "Constitution creates no entitlement to grievance procedures or access to any such

9

procedure voluntarily established by the state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Even assuming that Defendants violated SCDC grievance procedures, such actions do not state a claim which is actionable under § 1983. See Brown v. Dodson, 863 F. Supp. 284 (W.D.Va. 1994).

     5.     Failure to Protect

Plaintiff alleges that he was assaulted by inmates four times and reported such to Warden Eagleton every time, but nothing was done. Defendant Eagleton argues that Plaintiff fails to show that he was deliberately indifferent to Plaintiff's safety.

Deliberate or callous indifference on the part of prison officials to a specific known risk of harm states an Eighth Amendment claim. Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987). Not every injury suffered by one inmate at the hands of other inmates, however, translates into constitutional liability for the prison officials responsible for the victim's safety. See Farmer v. Brennan, 511 U.S. 825, 835 (1994). In Farmer, the Supreme Court defined deliberate indifference, holding that "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id., at 847. The test is not whether an official knew or should have known of the possibility of harm, but whether he did, in fact, know of it and consciously disregarded that risk. "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id., at 837. While the objective information known to the official may be used to infer the knowledge he actually had, and to draw inferences about his actual state of mind, those inferences are not conclusive. Further, the Eighth

10

Amendment is not violated by the negligent failure to protect inmates from violence. <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986); <u>Moore v. Winebrenner</u>, 927 F.2d 1312 (4th Cir. 1991), <u>cert. denied</u>, 502 U.S. 828 (1991); <u>Pressly</u>, <u>supra</u>.[4]

Plaintiff's claims fail because he has not alleged any injuries from the alleged attacks and fails to show anything more than de minimis injury. <u>See</u> <u>Norman v. Taylor</u>, 25 F.3d 1259, 1263-64 (4th Cir. 1994), <u>cert. denied</u>, 513 U.S. 1114 (1995).[5]  Further, Plaintiff has not shown that Defendant Eagleton was indifferent to any duty to protect Plaintiff. Plaintiff has not alleged that Eagleton was present at any of the alleged attacks.

6. <u>Immunity</u>

Defendants argue that they are entitled to Eleventh Amendment immunity. When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. In the case of <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated,

---

[4] Further, negligence, in general, is not actionable under 42 U.S.C. § 1983. <u>See</u> <u>Daniels v. Williams</u>, <u>supra</u>.

[5] To the extent that Plaintiff is also attempting to assert a claim for the use of excessive force by prison guards, those claims also fail because Plaintiff has not alleged anything more than de minimis injury as a result of any such actions. <u>See</u> <u>Norman v. Taylor</u>, 25 F.3d 1259 (4th Cir. 1994),

11

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

Id. at 66.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments, and officials are entitled to the Eleventh Amendment immunity. Id. at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. State officials may only be sued in their individual capacities. Therefore, Defendants are entitled to Eleventh Amendment immunity from monetary damages in their official capacities.

Defendants also argue that they are entitled to qualified immunity. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit has stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person

12

>would have known."  "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged."  Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent."  As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995).  As discussed above, Plaintiff fails to show that Defendants violated any of his clearly established constitutional or statutory rights.  Therefore, Defendants are entitled to qualified immunity in their individual capacities.

    7.    State Claims

Plaintiff's remaining claims are based on state law and premised on supplemental jurisdiction.  As Plaintiff fails to show that Defendants violated his rights under § 1983 (as discussed above), only his state law claims would remain.  Thus, it is also recommended that, pursuant to 28 U.S.C. § 1367(c)(3), his remaining state law claims be dismissed.

CONCLUSION

Based upon review of the record, it is recommended that Defendants' motion for summary judgment (Doc. 31) be granted.

    Respectfully submitted,

    s/Joseph R. McCrorey
    United States Magistrate Judge

April 21, 2005
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. *** We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
